IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DR. MABLE A. ALFRED | ) | Judge |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| ELEMENTARY SCHOOL DISTRICT 159, ERIC PERKINS, in his individual capacity, CAROLYN OWENS, in her individual capacity, VERONICA FRANKLIN, in her individual capacity, | ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

**NOW COMES** Dr. Mable A. Alfred ("Plaintiff") through her counsel, Jerome M. Davis, Esq., to file this action against Defendants Elementary School District 159, Eric Perkins, in his individual capacity, Carolyn Owens, in her individual capacity, and Veronica Franklin, in her individual capacity (collectively "Defendants"), and respectfully states and alleges the following in support hereof:

### Nature of the Case

1.  This is an action for tortious interference with a contractual relation and violation of Plaintiff's due process rights, pursuant to Illinois law and 42 U.S.C. § 1983, respectively. Defendants Eric Perkins, Carolyn Owens and Veronica Franklin used their positions as members of Elementary School District 159 Board of Education to intentionally and unjustifiably induce District 159's breach of Plaintiff's superintendent's employment contract and thereby caused the loss of her property interests in the contract and state law without affording her the protections required by the 14th Amendment to the Constitution.

1

## Jurisdiction and Venue

2. Plaintiff's tortious interference with a contractual relation claim arises under Illinois law, and her due process claim arises under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution. Therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1367 and 28 U.S.C. § 1331, respectively.

3. All of events giving rise to this action occurred in this District. Therefore, venue lies here pursuant to 28 U.S.C. § 1391(b)(2).

## The Parties

4. Plaintiff is currently employed as the superintendent of Elementary School District 159 pursuant to a three-year employment contract with a term commencing on November 1, 2016 and ending on June 30, 2019.

5. Defendant Elementary School District 159 (the "District") is a municipality organized under the laws of the State of Illinois. It may sue or be sued through Elementary School Board 159 Board of Education (the "Board"), which is the sole policymaking body responsible for administering five public schools located in Matteson, Illinois.

6. Defendant Eric Perkins is the current president of the Board and was a member of the Board at all times relevant to this action.

7. Defendant Carolyn Owens is the current vice-president of the Board and was a member of the Board at all times relevant to this action.

8. Defendant Veronica Franklin is a current member of the Board and was a member of the Board at all times relevant to this action.

**Statement of Facts**

9.      Plaintiff is an educator with over thirty-one years of experience in public education. On November 1, 2016, she executed a three-year employment contract (the "Contract") with the Board to become the superintendent of schools for the District, which terminates on June 30, 2019.

10.     Defendant Eric Perkins, the Board president, approached Plaintiff shortly after she was hired and informed her that she was not his choice for superintendent. He said he wanted a principal at one of the District's schools to get the job. Despite Perkins' statement, Plaintiff was determined to work hard to earn his support.

11.     On April 28, 2017, Defendant Owens was re-elected to the Board, and Franklin was elected to the Board.

12.     Each of the individual Defendants, pursuant to Illinois law, swore an oath when they joined the Board that they had no power except when they were voting at a duly noticed meeting of the Board.

13.     Each individual Defendant was required to undergo training regarding the principles of good governance expected of school boards created by the State of Illinois. One of the primary principles is that board members are not allowed to interfere in the day-to-day management of the schools in their districts.

14.     Under the express terms of the Contract, State law and the District's written policy, Plaintiff has sole responsibility for administering the day-to-day operations of all aspects of the District's schools, with the Board being responsible for setting District policy and supervising Plaintiff.

## Count I
## (Tortious Interference with Contract)

15. Plaintiff incorporates and adopts the allegations contained in paragraphs 1-14 as though expressly stated herein.

16. Defendants Perkins, Owens and Franklin have communicated with Plaintiff's employees on numerous occasions throughout her tenure to countermand her orders and interfere with Plaintiff's ability to manage the District.

17. Defendants Perkins, Owens and Franklin have met with Plaintiff's employees on numerous occasions without Plaintiff's knowledge or participation to give instructions to employees. These were not formal Board Meetings, and often either Perkins, Owens or Franklin were the only Board Members at the meetings.

18. Defendants Perkins, Owens and Franklin have encouraged employees to bring sham complaints against Plaintiff in an effort to undermine her authority and terminate her employment.

19. Defendant Perkins has instructed Plaintiff that she was not allowed to perform duties mandated by State and federal law.

20. Defendant Perkins has ordered Plaintiff to promote employees and give salary increases without any formal action by the Board or input from Plaintiff. In fact, Perkins routinely instructed employees to ignore Plaintiff's instructions.

21. Defendants Perkins, Owens and Franklin induced the Board to terminate Plaintiff's entire administrative team without allowing her to have any input in the decision.

22. Defendants Perkins, Owens and Franklin induced the Board to not give Plaintiff annual performance evaluations required by the Contract, which led to Plaintiff being the only employee in the District who has never received a salary increase.

23. Defendants Perkins, Owens and Franklin induced the Board to violate the provision of the contract that required the Board and Plaintiff to set annual performance goals to be used to evaluate Plaintiff's job performance. Consequently, they made it impossible for the Contract to be extended or rolled-over for another three-years, because state law required evidence that Plaintiff met performance goals as a prerequisite to extension of the multi-year contract.

24. Plaintiff has suffered severe emotional and reputational damage as a result of the individual defendants' actions. She has been subjected to near daily humiliation for over two-years as the result of the individual defendants' actions.

25. Defendants Perkins, Owens and Franklin intentionally sought to sabotage Plaintiff because she was not their choice for superintendent and she insisted on strict accountability for the use of District funds. The aforementioned facts show that they violated their oath office, State law and the Board's own policies in a willful attempt to harm Plaintiff, both professionally and financially.

### Count II
### (42 U.S.C. § 1983-Fourteenth Amendment)

26. Plaintiff incorporates and adopts the allegations contained in paragraphs 1-14 as though expressly stated herein.

27. The position of Superintendent is created by the Illinois School Code, and the duties and privileges of the position are enumerated therein, including responsibility for the administration of schools.

5

28. Further, Plaintiff's employment contract states that she is in charge of the management of the District. Additionally, the Board's written policy, consistent with the State's good governance policies states that the superintendent is in charge of the day-to-day operations of the schools.

29. However, Defendants, from the outset, deprived Plaintiff of the above rights and privileges and reduced her status to that of a figurehead with no control over the operations of the schools. Plaintiff incorporates and adopts the allegations in paragraphs 16-21 as though stated herein.

30. On February 8, 2019, Plaintiff was suspended with pay until June 30, 2019, when her contract expires.

31. Plaintiff received no notice or opportunity to be heard prior to this suspension, which has deprived her of all rights and privileges to which she was entitled as superintendent and severely damaged her professional standing in the community and among her peers.

32. Plaintiff's contract required annual performance evaluations. Moreover, State law requires the Board to evaluate Plaintiff's job performance. However, Plaintiff only received one evaluation during her entire tenure. Plaintiff was designated as meeting the District's job performance goals during that evaluation, and her performance was not rated as unsatisfactory nor deficient in any category.

33. Employees of the District, including the superintendent, who have good performance on their annual evaluation are given a raise each year.

34. Based on this practice, Plaintiff expected to receive annual salary increases, as allowed under the Contract, because she satisfactorily performed her job duties.

35.     However, Plaintiff was singled out as the only employee in the District who did not receive a raise during her tenure.

36.     And Defendants on multiple occasions denied her request for a salary increase without any explanation and without a hearing to determine if she should receive a raise.

37.     Plaintiff was subjected to severe reputational damage when Defendants caused defamatory sham disciplinary reports that they knew were untrue to be published in the newspaper.

38.     Plaintiff was not given an opportunity to address the issues raised in the sham disciplinary reports prior to them being issued.  Further, when she rebutted the information contained in the reports and asked for a hearing to address the false and defamatory statements in the reports, she was ignored.

39.     Plaintiff was deprived of the opportunity to extend or have her three-year contract renewed because Defendants refused to honor the provision of her contract that required the parties to annually review/set Plaintiff's performance goals.

40.     Further, Plaintiff was informed in December 2018 and January 2019 that her contract would not be renewed because of poor job performance.  However, she was not offered a hearing to address the nonrenewal, as required by State law and the Contract.

41.     The District has a practice of allowing administrative employees to rollover unused vacation time and sick days.

42.     Based on this practice, Plaintiff has accumulated approximately 110 days for which she is entitled to be paid.

43. However, Defendants' ignored Plaintiff's request to acknowledge that this payment is owed. Defendants have also refused to acknowledge that Plaintiff is owed certain expense reimbursements due under the Contract.

44. Based on the foregoing, Plaintiff has suffered loss of sleep, anxiety, high blood pressure, and high cholesterol due to stress, and she is currently on medical leave and undergoing therapy to help deal with physical impairments caused by stress.

45. Defendants have acted willfully, maliciously and with reckless disregard for Plaintiff's constitutionally protected rights.

## Prayer for Relief

**WHEREFORE**, Plaintiff prays that this Court:

A. Declares that Defendants' conduct enumerated herein is illegal and unconstitutional;

B. Awards compensatory damages from all Defendants in an amount to be determined at trial plus statutory pre-judgment interest thereon against the Board;

C. Awards punitive from Defendants Eric Perkins, Carolyn Owens and Veronica Franklin in an amount to be determined at trial;

D. Awards reasonable attorney's fees, costs and expenses pursuant to 42 U.S.C. § 1988; and

E. Awards such other relief as the Court deems just.

## **Jury Demand**

Plaintiff demands a jury trial to hear this case.

Date March 9, 2019                                              Respectfully submitted,

                                                                By: /s/ Jerome M. Davis, Esq.
                                                                    Jerome M. Davis, Esq.
                                                                    Attorney for Dr. Mable A. Alfred

Jerome M. Davis, Esq. (ARDC#6273828)
9024 McIntosh Court
Lakewood, Illinois 60014
847-606-6685